**Billy C. VIGIL, on his own behalf and on behalf of all others similarly situated, Plaintiff-Appellee,**

**v.**

**AMERICAN TELEPHONE AND TELE-GRAPH COMPANY, Defendant-Appellant,**

**Equal Employment Opportunity Commission, Intervenor.**

No. 25–70.

United States Court of Appeals, Tenth Circuit.

Feb. 18, 1972.

James Heidelberg (Pete Tijerina, Mario Obledo, Alvaro Garza, San Antonio, Tex., Levi Martinez, Pueblo, Colo., and Roger Cisneros, Denver, Colo., on the brief), for plaintiff-appellee.

Luis D. Rovira, Denver, Colo. (Stuart S. Gunckel and David R. Hansen, of Akolt, Shepherd, Dick & Rovira, Denver, Colo., on the brief), for defendant-appellant.

Julia P. Cooper, Washington, D. C. (Stanley P. Hebert, Gen. Counsel, and G. Maxine Bethel, Atty., E.E.O.C., on the brief), for intervenor.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Billy C. Vigil brought an action in the district court against his employer, the American Telephone and Telegraph Company (hereinafter referred to as A. T. & T.), charging that he had been discriminated against because of his national origin in that he had been denied equal employment opportunities. By way of the relief prayed for, Vigil sought injunctive relief and damages for the alleged commission of an unfair employment practice by A.T. & T. in violation of 42 U.S.C. § 2000e, et seq.

In response to the complaint, A.T. & T. filed a motion to dismiss on the ground that the district court lacked jurisdiction over the subject matter. This motion was denied, 305 F.Supp. 44, and pursuant to 28 U.S.C. § 1292(b), A.T. & T. now seeks a review of this interlocutory order.

The basic issue concerns the effect, if any, of the filing of a charge of unfair employment practice with the Equal Employment Opportunity Commission, hereinafter referred to as EEOC, before the expiration of the sixty-day period within which a state fair employment practices commission under the provisions of 42 U.S.C. § 2000e–5(b) has exclusive jurisdiction to act. A brief chronology is necessary to place the narrow issue in focus.

On February 2, 1968, Vigil filed with the Colorado Civil Rights Commission a charge of unfair and discriminatory employment practice by A.T. & T. occurring on or about August 30, 1967. On February 20, 1968, Vigil filed a similar charge with the EEOC. The EEOC thereupon "deferred" to the Colorado Civil Rights Commission and upon the expiration of sixty days from February 2, 1968 (the date when Vigil filed his complaint with the Colorado Civil Rights Commission), "assumed jurisdiction" by inquiring of Vigil as to whether he desired the EEOC to proceed to formally investigate his complaint against A. T. & T. On April 15, 1968, Vigil advised the EEOC, in writing, that he did

desire to have his charge investigated by that agency. Upon investigation, the EEOC found reasonable cause to believe that A.T. & T. had violated the provisions of the Civil Rights Act of 1964, but its efforts to achieve voluntary compliance proved ineffective. Vigil thereupon instituted the present proceeding in the district court pursuant to 42 U.S.C. § 2000e–5(e).

A.T. & T.'s argument runs as follows: (1) Vigil's attempted filing with the EEOC on February 20, 1968, was a nullity inasmuch as the same matter was then pending before a state agency and under 42 U.S.C. § 2000e–5(b) "no charge may be filed * * * before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated * * *"; (2) Vigil's letter of April 15, 1968, to the EEOC requesting the latter to investigate his claim was filed more than two hundred and ten days from the date of the unfair employment practice within which a charge of unfair employment practice under 42 U.S.C. § 2000e–5(d) must be filed with the EEOC; and, (3) therefore EEOC had no jurisdiction to investigate Vigil's complaint against A.T. & T., and such being the case Vigil is thereafter precluded from instituting a civil action pursuant to 42 U.S.C. § 2000e–5(e).

In denying the motion to dismiss for lack of jurisdiction over the subject matter, the trial court rejected A.T. & T.'s argument as being "completely out of harmony with both the spirit of the [Civil Rights] Act and its legislative intent and history." In so doing, the trial court held that the act of filing a complaint with the EEOC within the sixty-day period when under the statute the state agency had exclusive jurisdiction was not a nullity and was in itself sufficient to meet the jurisdictional prerequisite dictated by 42 U.S.C. § 2000e–5(d). The trial court further held that in any event such filing served to toll the running of the two hundred and ten day time limit prescribed by the statute to the end that Vigil's letter of April 15, 1968, to the EEOC was filed within the two hundred and ten day limitation prescribed by 42 U.S.C. § 2000e–5(d).

In this court, A.T. & T. relies heavily upon the rationale of Love v. Pullman Co., 430 F.2d 49 (10th Cir. 1970). Shortly after oral argument of the instant matter, the United States Supreme Court granted certiorari in *Love,* and accordingly our decision in the instant case has been held in abeyance pending a decision by the Supreme Court. The Supreme Court has recently reversed our judgment in *Love* and in our view its pronouncement controls the instant case to the end that the trial court's denial of A.T. & T.'s motion to dismiss was clearly correct. Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

We recognize that the facts of the instant case are not on all fours with those in *Love.* Be that as it may, the Supreme Court in *Love* rejected our holding that a filing of a complaint with the EEOC within the sixty-day period when the state agency has exclusive jurisdiction is ineffective. And the argument that such filing is of no effect, or in other words a nullity, is as indicated the keystone of A.T. & T.'s position in this court.

Certainly the clear import of the decision of the Supreme Court in *Love* is that the filing with the EEOC of a complaint within the sixty-day period, when the state agency has exclusive jurisdiction to act, does serve to meet the jurisdictional requirement of 42 U.S.C. § 2000e–5(d) that the complaint be filed with the EEOC within two hundred and ten days from the date of the unfair employment complained of, even though the EEOC may not proceed with its investigation until the state agency has had the complaint for sixty days. The Supreme Court in *Love* also rejected the claim that "the EEOC may not properly hold a complaint in 'suspended animation,' automatically filing it upon the termination of the state proceeding." In this regard the Court went on to declare that

"to require a second 'filing' by the aggrieved party after termination of the state proceeding would serve no purpose other than the creation of additional procedural technicality."

We further believe, as did the trial court, that in any event such filing would toll the running of the two hundred and ten day period to the end that Vigil's letter of April 15, 1968, would be within the prescribed two hundred and ten day period. Certainly such conclusion is well within the ambit of the Supreme Court's pronouncement in *Love.*

Order affirmed.