Connie A. KEYSE, Plaintiff,

v.

CALIFORNIA TEXAS OIL CORP. and American Overseas Petroleum Ltd., Defendants.

No. 77 Civ. 2925 (CMM).

United States District Court, S. D. New York.

Jan. 12, 1978.

John L. Edmonds, New York City, for plaintiff on this motion only.

Murphy & Maviglia, New York City, for defendants.

METZNER, District Judge:

Defendants California Texas Oil Corp. (Caltex) and American Overseas Petroleum Ltd. (Amoseas) move for an order pursuant to Fed.R.Civ.P. 12 dismissing the complaint, or, alternatively, for an order granting

them summary judgment and a dismissal of the complaint pursuant to Fed.R.Civ.P. 56.

Plaintiff has brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981, alleging that defendants discriminated against her in regard to her employment on the basis of her race and her sex. Plaintiff was offered and accepted a teaching position with the Caltex Group of Companies in December of 1964. Prior to her relocation to Indonesia, where her teaching position was to be, she underwent training in the United States in preparation for her new position. Plaintiff left the United States for Indonesia on October 8, 1965, where she remained as a teacher until August of 1968, when she returned to New York. In September of 1968 plaintiff was placed on a leave of absence without pay when she refused to return to her position in Indonesia.

Defendants urge that plaintiff's Section 1981 claim is time barred by the applicable statute of limitations. "Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). Under New York law, section 1981 claims are governed by CPLR § 214(2), which imposes a three-year statute of limitations. Cf. *Kaiser v. Cahn*, 510 F.2d 282, 284 (2d Cir. 1974).

■ Plaintiff's cause of action is based upon employment discrimination which could only have occurred at some point prior to September of 1968, which was the last time plaintiff was employed by the Caltex Group of Companies. Accordingly, a timely 1981 claim would have had to be filed no later than three years from the last date of her employment. This action was commenced in 1977. Since the statute of limitations has not been tolled, defendants' motion for summary judgment on the Section 1981 cause of action is granted.

We now turn to plaintiff's Title VII cause of action. Defendants urge that plaintiff's action is untimely in that she failed to comply with the time limitations imposed by 42 U.S.C. § 2000e–5(e). This section requires that a charge of an unlawful employment practice must be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged unlawful practice, except where a party first institutes proceedings before a state or local agency. In that event the charge must be filed within 300 days of the alleged unlawful practice or within 30 days after receiving notice of termination of the proceedings before the state or local agency, *whichever is earlier.* Plaintiff filed a complaint with the New York State Division of Human Rights on September 5, 1968. That complaint was ultimately dismissed on July 1, 1971, and the order affirmed on August 9, 1972.

■ Plaintiff then filed her charges with the EEOC on September 7, 1972. Since it is clear that any unlawful employment practice had to occur prior to September of 1968, the 300 day period expired sometime in July 1969. Plaintiff's filing of charges with the EEOC in 1972 is thus untimely. It is this July 1969 date that governs the disposition of this motion and not the 30 day period after the final determination by the state, which would be September 9, 1972.

■ Plaintiff seeks to justify the delay on the ground that she was proceeding on the premise that she did not have to file her charges with the EEOC until *after* any state or local agency proceedings were terminated. She claims that she was given this information by a Mr. Henderson in February of 1969 at the EEOC, and relying upon this information she delayed filing her charges for three years. In support of her position that reliance upon inaccurate government information will excuse compliance with a statutory requirement, plaintiff cites *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd by an equally divided court,* —— U.S. ——, 98 S.Ct. 600, 54 L.Ed.2d 472 (1977).

*Dartt* involved a claim by a discharged employee under the Age Discrimination in Employment Act and the issue of whether the charge had been timely filed. The court found that the charge had been filed 36 days after the operation of the 180 day period required by that statute. However, the court exercised its equitable powers and tolled the running of the 180 day period.

The giving of wrong information was only one factor considered by the court in *Dartt* in deciding to exercise its equitable powers. It also took into account the relatively short period of delay and that plaintiff had acted quickly in getting legal advice other than from the government agency. The court also noted that the defendant had indirectly caused the government official to give plaintiff the wrong information. Because of these factual distinctions, I find that the holding in *Dartt* does not apply to the case at bar.

This decision not to toll the 300 day requirement of Title VII is guided by the Supreme Court's decision in *International Union of Electrical Workers, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). In that case the Court reaffirmed the principle that Title VII prerequisites must be followed "precisely" and it is for Congress and not for the courts to decide what delays are justified.

Accordingly, defendants' motion for summary judgment is granted and the complaint is dismissed.

So ordered.