Connie A. **KEYSE**, Plaintiff-Appellant,

v.

**CALIFORNIA TEXAS OIL CORPORATION and American Overseas Petroleum Ltd., Defendants-Appellees.**

No. 17, Docket 78–7087.

United States Court of Appeals, Second Circuit.

Argued Oct. 31, 1978.

Decided Dec. 21, 1978.

Connie A. Keyse, plaintiff-appellant pro se.

Paula G. DeDominici, New York City (Charles F. Murphy, Murphy & Maviglia, New York City, of counsel), for defendants-appellees.

Before KAUFMAN, Chief Judge, TIMBERS and GURFEIN, Circuit Judges.

PER CURIAM:

Appellant *pro se* Connie A. Keyse, a black female, commenced this action in the District Court, alleging that defendants had failed to promote her and had otherwise discriminated against her on the basis of her race and sex during her employment as a teacher between September 1964 and September 1968. Keyse sought relief under 42 U.S.C. § 1981 and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

The District Court granted defendants' motion for summary judgment, ruling that insofar as the action rested on 42 U.S.C. § 1981 it was barred by the statute of limitations and insofar as it rested on Title VII it was barred because of Keyse's failure to file a timely charge with the Equal Employment Opportunity Commission (E.E.O.C.). We are constrained to affirm.

On September 5, 1968, Keyse filed a complaint with the New York State Division of Human Rights. A hearing was held, and on July 1, 1971, the complaint was dismissed upon a finding of no discrimination. The dismissal was affirmed by the State Human Rights Appeal Board on August 9, 1972.

On September 7, 1972, Keyse filed a charge of discrimination with the E.E.O.C., which found probable cause and on May 27, 1977 issued its notice of right to sue. On June 22, 1977, Keyse commenced the present action in the District Court.

■ The statute of limitations for claims brought under 42 U.S.C. § 1981 is derived from the most analogous state statute. *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The applicable statute of limitations in a federal civil rights case brought in New York is the three years provided by N.Y.C.P.L.R. § 214(2)—liability based on a statute. *See, e. g., Kaiser v. Cahn*, 510 F.2d 282, 284–85 (2d Cir. 1974); *Romer v. Leary*, 425 F.2d 186, 187 (2d Cir. 1970). Since Keyse alleged discrimination up until September 1968, but the present action was not commenced until nearly nine years later in June 1977, Keyse's claim under 42 U.S.C. § 1981 was clearly time-barred and hence was correctly dismissed.[1]

■ A prerequisite to the maintenance of a Title VII action is timely filing with the E.E.O.C. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n.4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Prior to March 24, 1972, the effective date of the 1972 amendments to Title VII, 42 U.S.C. § 2000e–5(d) [now 42 U.S.C. § 2000e–5(e)] required that where state agency proceedings had been instituted, the charge had to be filed with the E.E.O.C. within 210 days of the alleged unlawful employment practice, or within thirty days after notice of the termination of the state proceedings, whichever came *earlier*. For Keyse the alleged unlawful employment practice occurred no later than September 1968, and hence the 210 day period would have ended sometime in 1969. However, Keyse did not file her charge with the E.E.O.C. until September 1972.

■ Keyse contends that she should be excused from the operation of this statutory bar on the ground that her failure to file timely charges with the E.E.O.C. resulted from misinformation received from both an E.E.O.C. employee and her own retained counsel. In support of this argument, she relies upon *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977). Her reliance is misplaced. In *Dartt*, the Tenth Circuit held that equitable considerations can toll the time limits of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The affirmance of *Dartt* by an equally divided Supreme Court prevents the case from becoming a binding precedent. *Hertz v. Woodman*, 218 U.S. 205, 213–14, 30 S.Ct. 621, 54 L.Ed. 1001 (1910); *see Laird v. Tatum*, 409 U.S. 824, 837–38, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972) (memorandum of Rehnquist, J.). In any event, we have recently indicated that even assuming that tolling is permissible as held in *Dartt*, tolling would be improper if appellant was represented by counsel during the 210 day period. *See Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109–10 (2d Cir. 1978). *See also Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200 n.8 (5th Cir. 1975).[2]

---

1. We note in passing that there is no merit to defendants-appellees' argument that Keyse was precluded by *res judicata* from raising a claim under 42 U.S.C. § 1981 by virtue of the proceedings in the New York State Division of Human Rights. Such a bar arises only where the administrative remedy is pursued to a final judicial determination. *Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 276–77 (2d Cir. 1977). However, as defendants-appellees themselves acknowledge, Keyse never appealed the Human Rights Division decision to the New York state courts.

2. In *Dartt*, the plaintiff consulted a lawyer early, but he told her that she did not need a lawyer and could rely on the Federal Wage and Hour Division. Judge Metzner below distinguished *Dartt* on the ground that the plaintiff there had in effect been sent to the agency for information by the lawyer. Judge Metzner did not know that the plaintiff here had consulted a lawyer. *Keyse v. California Texas Oil Corp.*, 442 F.Supp. 1257, 1258—59 (S.D.N.Y.1978).

The *Dartt* case is not comparable to the present case for a different reason. As the *Dartt* court explained, Dartt did not make "more than a preliminary approach [to a law-

The record shows that she had counsel during that period, and we cannot enlarge the doctrine of equitable estoppel against a defense of untimeliness in such a case.

We compliment the appellant for her oral argument *pro se*, which was of a quality worthy of a competent member of the bar.

Judgment affirmed.

---

yer] as to possible consultation," whereas Keyse actually had independent legal advice during the 210 day period. The *Dartt* court indicated that a more continuing relationship with a lawyer, such as was involved here, "where the injured employee consulted an attorney who either slept on his client's rights or did not believe he had any under the statute", *Edwards v. Kaiser Aluminum & Chemical*

*Sales, Inc., supra,* 515 F.2d at 1200 n.8, would not have permitted an equitable tolling of the statute. *Dartt v. Shell Co., supra,* 539 F.2d at 1261 n.4.

Another factor distinguishing *Dartt*, as pointed out by the District Court, 442 F.Supp. at 1259, is that there the plaintiff missed the statutory deadline by a matter of days, not years, as in this case.