Walter BRYANT, etc.,
Plaintiff-Appellant,

v.

WESTERN ELECTRIC COMPANY,
INC., a corporation,
Defendant-Appellee.

No. 77–3111
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 10, 1978.

Edward Still, Judith S. Crittenden, Birmingham, Ala., for plaintiff-appellant.

William F. Gardner, Birmingham, Ala., for defendant-appellee.

Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Walter Bryant appeals from a summary judgment dismissing this employment discrimination action under 42 U.S.C. § 2000e et seq. The judgment appealed from is affirmed on the basis of the well reasoned opinion of the district court appended.

AFFIRMED.

MEMORANDUM OPINION

This case under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.) is before the Court on the defendant's motion for summary judgment. Having duly considered all the evidence relied on by both plaintiff and defendant and the arguments of counsel, the Court is of the opinion that the motion for summary judgment is due to be granted on the ground that the plaintiff failed to file a timely charge against the defendant.

The plaintiff was discharged by defendant Western Electric Company in February of 1972 at the conclusion of his six months' probationary employment period. In the same month, he filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that he had been discharged because of race. However, the only respondent named in this charge was South Central Bell, although the plaintiff had never been employed by South Central Bell and was aware that he had been employed by Western Electric Company and not South Central Bell. In April of 1973, more than a year after he had been discharged, he returned to the EEOC and filed

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

a charge against Western Electric Company.

The fact that the plaintiff did not file a charge against the defendant within the time limitation provided by Title VII[1] is undisputed, and the principle that the timely filing of a charge is a prerequisite to the maintenance of a Title VII lawsuit is settled. *United Air Lines v. Evans*, (1977); *East v. Romine, Inc.*, 518 F.2d 332 (5th Cir. 1975). The question is therefore whether the plaintiff can avoid the application of this principle.

The Court has considered every conceivable theory, including both those argued and those not argued, and can find no sustainable theory which would enable the plaintiff to avoid this principle.

The theory that there was no more than a failure to "serve" a charge cannot be accepted because it is simply not applicable to the facts of the case. The facts are that the case concerns a failure to file a charge against the defendant until more than a year after the event complained of.

On the facts of this case, it cannot be said that the plaintiff was without knowledge as to the identity of his employer or that he was confused by any corporate relationships. On the contrary, he testified that he was aware he had been employed by Western Electric Company and that he has never been employed by South Central Bell.

This case does not lend itself to an application of the proposition that the limitations period does not begin to run "until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Reeb v. Economic Opportunity Atlanta*, 516 F.2d 924 (5th Cir. 1975). In this case, the situation is that "there are no indications that the bases of a charge of discrimination were unknown to the plaintiff until after the alleged discriminatory incident took place. The regular filing deadline is therefore applicable." *East v. Romine, Inc.*, 518 F.2d 332 (5th Cir. 1975).

Similarly, the charge against the defendant could not be regarded as a "relation-back" amendment of the charge against South Central Bell since the defendant was never a party to the case until 1973.

The plaintiff's affidavit in opposition to summary judgment takes the position that the failure to file a charge against the defendant until 1973 was the fault of the EEOC. According to his affidavit, he told the EEOC he had been employed by Western Electric and signed the charge against South Central Bell because he assumed the EEOC knew what it was doing. He thereby seeks to call into play the proposition that a charging party should not be penalized for the errors of the EEOC.

The defect in his position is that he overlooks the testimony he gave in his deposition taken before the filing of the summary judgment motion. At that time, he testified that he mentioned South Central Bell to the EEOC in referring to the fact that Western Electric performed work for it, that he believes he "didn't totally read" the charge before he signed it, and that it was a year later before he discovered the charge had been filed against South Central Bell and not Western Electric Company. The circumstances as revealed by his testimony are accordingly that the failure to file a timely charge against the defendant was attributable to the plaintiff's failure to "totally read" the charge filed against South Central Bell.

It is apparent that the testimony which the plaintiff gave before the summary judgment motion was filed provides the more reliable guide to the truth and that giving due consideration to the affidavit he signed for the purpose of opposing the motion, it does not raise a genuine issue of fact. Compare *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975).

The plaintiff also argues that the defendant was not prejudiced by the failure to file

---

1. The applicable time limitation was the 180 day period provided by the 1972 amendment to Title VII. 42 U.S.C. § 2000e–5(e); *Electrical*

*Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).

.

a timely charge against it. If this were the standard to be applied, it would be relevant that employee records were discarded before April of 1973 when the plaintiff filed a charge against the defendant. But the conclusive aspect of the matter is that Congress established an explicit time limitation on the filing of a charge, that "Adherence to the limitations period assures prompt notification to the employer of a charge of an alleged violation of Title VII", *Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), and that the Courts are obligated to respect and apply this statutory time limitation rather than seizing upon excuses not to apply it.

In sum, based on the fact that this lawsuit fails to comply with the prerequisite of a timely filed charge against the defendant, it is due to be dismissed on summary judgment.

Since the dismissal of this action is involuntary, no notice to the putative class is necessary. 7A Wright and Miller, *Federal Practice & Procedure* § 1797 (1972). In any event, this case was never certified as a class action.

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. An Order in the form prescribed by the Rules will be entered in conformity therewith.

DONE this the 29th day of August, 1977.

[s] J. FOY GUIN, JR.
UNITED STATES DISTRICT JUDGE