Sherry E. HAWKINS, Plaintiff,

v.

ALLIS–CHALMERS CORP., et al., Defendants.

No. 80 0532 CV W 3.

United States District Court,
W. D. Missouri, W. D.

Dec. 2, 1981.

Russell S. Jones, Kansas City, Mo., for plaintiff.

Mark S. Foster, Stinson, Mag & Fizzell, Kansas City, Mo., for Allis-Chalmers Corp.

Michael D. Gordon, Marsha J. Murphy, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for United Steelworkers Union Local 1958.

## ORDER

ELMO B. HUNTER, Senior District Judge.

This cause pends on the motion of defendant United Steelworkers of America Local 1958 (the Union) to dismiss for lack of subject matter jurisdiction.

The Union asserts in its suggestions in support of its motion to dismiss that this court does not have jurisdiction because no charge was filed against the Union with the Equal Employment Opportunity Commission (EEOC), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e). Clearly, the general rule is that the filing of the charge against the party to be sued is a jurisdictional prerequisite to the filing of a suit under Title VII. *Lacy v. Western Electric Co.*, No. 76–CV–0325–W–B–3 (W.D. Mo. June 10, 1980); *Stith v. Manor Baking Co.*, 418 F.Supp. 150 (W.D. Mo.1976); *Mickel v. South Carolina State Employment Service*, 377 F.2d 239, 242 (4th Cir. 1967), *cert. den.*, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967); *Miller v. International Paper Co.*, 408 F.2d 283, 291 (5th Cir. 1969); *EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1011 (6th Cir. 1975); *Williams v. General Foods Corp.*, 492 F.2d 399, 404 (7th Cir. 1974). *See also, Greene v. Carter Carburetor Co.*, 532 F.2d 125 (8th Cir. 1976). Generally, the right to file a suit against a union does not ripen until the union is charged despite the employer being charged. *Miller v. International Paper Co., supra.*

Plaintiff relies on one of the exceptions to that rule [1] which allows defendants to be joined as indispensable parties pursuant to Rule 19, Federal Rules of Civil Procedure, for interpretation of a collective bargaining agreement. This case is clearly distinguishable from those cases allowing joinder on the bases of Rule 19. In those cases, the plaintiffs were seeking some type of injunctive relief which would effect the collective bargaining agreement. *See, e.g., EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1011–12 (6th Cir. 1975) (the EEOC alleged that defendant unions were signatories to the collective bargaining agreement with McLean which perpetuated the segregation); *Evans v. Sheraton Park Hotel*, 503 F.2d 177 (D.C.Cir.1974) (plaintiff was seeking injunctive relief including maintenance of sexually segregated locals).

In the case before the court, plaintiff seeks monetary relief for lost wages, sick leave and sick pay, attorney's fees and punitive damages. Although plaintiff alleges the defendant union is indispensable to interpretation of the contract as to whether the union fulfilled its contractual obligations to represent plaintiff, this has no effect on her claim against the defendant employer. Under Rule 19, a party can be joined if:

(1) in his absence complete relief cannot be accorded among those already parties [in this case the defendant employer], or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

That plaintiff alleges the union failed to properly represent her, does not effect her claim against the employer in the manner required under Rule 19.

Plaintiff further argues that she told the EEOC to charge both the employer and the union, but the EEOC failed to do so. She cites authority for the proposition that she should not be penalized for the failure of the staff of the EEOC to do their statutory duty or for procedural deficiencies. In *Evans v. Sheraton Park Hotel*, 503 F.2d 177 (D.C.Cir.1974), the insufficiency was that the plaintiff failed to charge the international union but did charge the local union and the employer. The joinder of the international was allowed despite this deficiency under Rule 19 as discussed above. In *Russel v. American Tobacco Co.*, 374 F.Supp. 286 (M.D.N.C.1973), appealed on other grounds, 528 F.2d 357 (4th Cir. 1975), the EEOC failed to present a copy of the charge to the union. The presentation of the charge was not considered a jurisdictional prerequisite, but the court specifically stated, " 'There are but a few jurisdictional prerequisites to suit, among which are a charge properly filed with the Commission against the parties named in the civil suit ....' " *Id.* at 291, *quoting, Holliday Railway Express Co.*, 306 F.Supp. 898, 901 (N.D.1969). Other EEOC procedures which have been held not to be jurisdictional and thereby do not preclude the plaintiff's suit if the EEOC fails, include the following: opportunity to conciliate, *Holliday v. Railway Express Co., supra*; failure of the EEOC to notify of failure of conciliation within the prescribed time, *Younger v. Glamorgan Pipe & Foundry Co.*, 310 F.Supp. 195 (W.D.Mo.1969); a charge not under oath, *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir. 1968); and failure of the EEOC to serve the charge or complete conciliation attempts within the prescribed time, *Pullen v. Otis Elevator Co.*, 292 F.Supp. 715 (D.C.Ga.1968). All of the above situations were procedures completely within the control of the EEOC. The charge, however, is not completely within

---

1. There are two other exceptions to the rule. These are situations in which there is "substantial identity" between the defendant and someone against whom a charge was filed, *Chastang v. Flynn Emrich Co.*, 365 F.Supp. 957 (D.Md.

1973), and situations in which the charged party was acting as the agent of the defendant, *Escamilla v. Mosher Steel Co.*, 386 F.Supp. 101 (S.D.Tex.1975). Plaintiff does not claim that either of these exceptions apply.

the EEOC's control in that the charging party must sign the charge. In her affidavit in support of her opposition to defendant's motion to dismiss, plaintiff states that she signed the charges. This situation is more similar to that in *Bryant v. Western Electric Co.*, 572 F.2d 1087 (5th Cir. 1978). In *Bryant*, the plaintiff had been employed by Western Electric. He claimed that he had told the EEOC that Western was his employer and then signed the charge prepared by the EEOC. The charge named South Central Bell instead of Western. The district court could find no theory which would allow the plaintiff to avoid the requirement of a charge naming the party being sued, and the Fifth Circuit affirmed. *See also, Silver v. Mohasco Corp.*, 497 F.Supp. 1 (N.D.N.Y.1978), in which plaintiff failed to specifically charge individuals as respondents, although they were mentioned in the charge in their corporate capacities. The court held that this insufficiency was not a mere technicality but a fatal flaw warranting dismissal for lack of subject matter jurisdiction.

This court can find no case in which it was held that the filing of the charge against the party sued was not a jurisdictional requirement, only cases in which some exception to the general rule was applied. Because no exception applies to plaintiff's case in that the Union is not an indispensable party to the action against the employer, it is hereby

ORDERED that defendant Union's motion to dismiss is hereby granted and this cause is hereby dismissed as to defendant United Steelworkers of America Local 1958 for lack of subject matter jurisdiction.