# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

No. 97-1873

———————————

United States ex rel. John Yellow Bird      *
Steele,      *
     *
     Appellant,      *   Appeal from the United States
     *   District Court for the
     v.      *   District of South Dakota.
     *
Turn Key Gaming, Inc.; Wayne Barber,   *           [TO
BE PUBLISHED]
     *
     Appellees.      *

———————————

Submitted: December 12, 1997
     Filed: February 9, 1998

———————————

Before MURPHY, JOHN R. GIBSON, and MAGILL, Circuit Judges.

———————————

PER CURIAM.

John Yellow Bird Steele, President of the Oglala Sioux Tribe (Tribe), appeals the dismissal of his qui tam action against Turn Key Gaming, Inc. (Turn Key) and Wayne Barber, president of Turn Key. Steele filed this suit, seeking to have contracts between the Tribe and the defendants declared void and to recover money the Tribe paid to the defendants under the contracts. The United States District Court for the District of South Dakota dismissed Steele's action for failure to join the Tribe as an indispensable party under Federal Rule of Civil Procedure 19(b). We reverse.

This suit arises out of contracts entered into between the Tribe and the defendants for the operation of the Prairie Wind Casino on the Pine Ridge Indian Reservation in South Dakota. Two temporary contracts, entered into on January 19, 1995, governed operation of the casino during the period prior to the National Indian Gaming Commission's (NIGC) approval of a Management Agreement. The Management Agreement, approved on December 7, 1995, governed the casino's operation on a more permanent basis. In this suit, Steele challenges the validity of the two temporary contracts.

Disputes between the Tribe and Turn Key concerning the temporary contracts and the Management Agreement have also spawned two other lawsuits, each of which put in issue the validity of the temporary contracts. On October 10, 1996, Turn Key filed a complaint in the United States District Court for the District of South Dakota, No. Civ. 96-5084, alleging that the Tribe breached the Management Agreement. In its answer, the Tribe claimed that the temporary contracts were invalid under 25 U.S.C. §§ 2705(a)(4) and 2711 (1994) (requiring NIGC approval of management contracts relating to Indian gaming). Am. Answer and Countercl. of Oglala Sioux Tribe, ¶ 56, reprinted in Appellees' Supplemental App. at 36. On November 7, 1996, the Tribe filed suit against Turn Key in Oglala Sioux tribal court, alleging that the temporary contracts were invalid because they had not been approved by the NIGC and seeking the return of all money paid to Turn Key under the temporary contracts.[1]

---

[1]That suit was dismissed by the tribal court for lack of jurisdiction because a forum selection clause in the Management Agreement required the Tribe to bring litigation under the temporary contracts in the United States District Court for the District of South Dakota. See Oglala Sioux Tribe v. Turn Key Gaming, Inc., No. Civ-96-1006, mem. op. at 4-5 (Oglala Sioux Tribal Ct. Mar. 7, 1997) (Turn Key I), reprinted in Appellees' Supplemental App. at 6-7. This ruling is currently being appealed by the Tribe.

The instant action was filed on December 18, 1996, in the United States District Court for the District of South Dakota by Steele, as relator in the name of the United States. Steele claimed that the temporary contracts were void under 25 U.S.C. § 81 (1994) and sought return of all money the Tribe had paid to the defendants under the temporary contracts.[2]

The district court dismissed Steele's suit on March 19, 1997. The district court held that the Tribe was a person that should be joined in the action under Federal Rule of Civil Procedure 19(a). The district court further held that the Tribe could not be joined due to its sovereign immunity and that the Tribe was indispensable under Rule 19(b). The court reasoned that the Tribe's reputation as a reliable contractor would be tarnished if the suit was allowed to go forward and the contracts were voided pursuant to § 81. Because the district court dismissed the action, it denied as moot a motion made by Turn Key to consolidate the action with Turn Key's pending suit against the Tribe. Steele appeals the district court's dismissal, arguing that the court abused its discretion in holding that the Tribe was an indispensable party under Rule 19(b).

**II.**

We review the district court's dismissal under Rule 19(b) for an abuse of discretion. See Pembina Treaty Comm. v. Lujan, 980 F.2d 543, 545 (8th Cir. 1992). Under Federal Rule of Civil Procedure 19, a nonparty is indispensable to an action if (1) the nonparty is necessary; (2) the nonparty cannot be joined; and (3) the action

---

[2]Title 25 U.S.C. § 81 (1994) provides that all qualifying contracts not approved by the Secretary of the Interior are

> null and void, and all money . . . paid to any person by any . . . tribe . . . may be recovered by suit in the name of the United States . . . and one-half thereof shall be paid to the person suing for the same, and the other half shall be paid into the Treasury for the . . . tribe.

cannot continue in equity and good conscience without the nonparty. <u>See id.</u> at 544-45. We conclude that the district court abused its discretion in holding that this action could not continue in equity and good conscience without the Tribe.[3]

Rule 19 provides four guideposts for determining whether an action can continue in equity and good conscience:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). In ruling that equity and good conscience did not permit the action to continue, the district court concluded that the first two factors weighed heavily in favor of dismissal: the Tribe would be prejudiced by a judgment in its absence, and the prejudice could not be lessened by the shaping of relief. <u>See</u> <u>United States ex rel. Steele v. Turn Key Gaming, Inc.</u>, No. Civ. 96-5113, mem. op. at 10 (D.S.D. Mar. 18, 1997) (<u>Turn Key II</u>) ("[R]escinding transactions freely entered into by the Tribe would likely be extremely prejudicial to the Tribe's long-term interest in Indian gaming and the revenue it provides. Tribal gaming operations are relatively new in this state and if they are to become successful, it would be important that the tribes not rescind otherwise valid contracts which have as their mission the fostering of successful gambling operations on the state's Indian reservations." (footnote omitted)). Despite concluding that the third and fourth factors militated against dismissal, the district court concluded that they "pale in importance" to the first two factors and dismissed the suit.

---

[3]Because we reverse on these grounds, we express no opinion on the district court's conclusions that the Tribe was a necessary party and that the Tribe was immune from suit and could not be joined.

Id.

After reviewing the record, we conclude that the district court erred by finding that the Tribe would be prejudiced if this action continues in its absence. The first factor of Rule 19(b) is concerned with whether the nonparty would "be adversely affected in a practical sense, and if so, would the prejudice be immediate and serious, or remote and minor." Fed. R. Civ. P. 19 advisory committee notes to 1966 amendments. It is possible that the Tribe would be prejudiced by not being joined to this suit if it sought to maintain the validity of the temporary contracts, or even if the Tribe's position was unclear. See United States ex rel. Hall v. Tribal Dev. Corp., 100 F.3d 476, 482 (7th Cir. 1996) (finding a tribe indispensable when "the plaintiffs' and the Tribe's interests are not 'identical' but opposed"); In re United States ex rel. Hall, 825 F. Supp. 1422, 1429 & n.6 (D. Minn. 1993) (reasoning that the several tribes' failure to join a § 81 action "[a]t the very least . . . suggests that the tribes themselves have a different view of the merit and wisdom of the contracts" than the relator, and finding prejudice because "[t]he goods and services provided pursuant to the agreements are essential to the operation of the commercial casinos owned by the tribes [and a] judgment avoiding those transactions certainly would be prejudicial to the interests of the casinos and their owners, the tribes"), aff'd sub. nom United States ex rel. Hall v. Creative Games Tech., Inc., Nos. 93-2903, 93-3089, 1994 WL 320296 (8th Cir. July 5, 1994) (unpublished); see also United States ex rel. Mosay v. Buffalo Bros. Management, Inc., 20 F.3d 739, 742-43 (7th Cir. 1994) (leaving the question for another day, but reasoning that there might be some limits on the ability of a relator to challenge a contract "in the teeth of" the tribe's support for the contract).

In the instant case, however, the Tribe unequivocally agrees with Steele that the temporary contracts are invalid. Indeed, the Tribe filed a lawsuit in Oglala Sioux tribal court to achieve the identical result sought by Steele. See Turn Key I, mem. op. at 1-2, reprinted in Appellees' Supplemental App. at 3-4. In this situation, we fail to see how allowing this action to proceed could prejudice the Tribe. A judgment invalidating the

contracts would not adversely affect the Tribe because the ruling "would have ended the matter favorably to [the Tribe]." <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 114 (1968). Likewise, if the temporary contracts are not invalidated, the Tribe can maintain its challenge to those contracts in the contemporaneous actions, and if the issue is "foreclosed by [the Tribe's] failure to intervene in the present litigation, then . . . any rights of [the Tribe] have been lost by [the Tribe's] own inaction." <u>Id.</u>; <u>cf.</u> <u>Fidelity & Deposit Co. v. City of Sheboygan Falls</u>, 713 F.2d 1261, 1268 (7th Cir. 1983) (reasoning that a nonparty contractor is not always indispensable because so long as the party to the action vigorously litigates the nonparty's position the nonparty is protected). Because any prejudice to the Tribe is "remote and minor," and the remaining factors militate against dismissal, <u>see</u> <u>Turn Key II</u>, mem. op. at 10-11, the action should not have been dismissed.[4]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]The district court denied the defendants' motion to consolidate this action with No. Civ. 96-5084 because its dismissal of the action rendered the motion moot. Because we reverse the dismissal of this action, it is appropriate for the district court to reconsider the defendants' motion for consolidation. <u>See</u> Fed. R. Civ. P. 42(a) (consolidation appropriate when two actions involve "common question[s] of law or fact"); <u>Mary Ellen Enters. v. Camex, Inc.</u>, 68 F.3d 1065, 1073 (8th Cir. 1995) (consolidation appropriate when different claims are "undeniably tied together" by the same transaction).