**Craig BISHOP, Plaintiff,**

v.

**NU–WAY SERVICE STATIONS, INC. d/b/a Defendant Service, Inc., Defendant.**

**No. 4:02CV1814 JCH.**

United States District Court, E.D. Missouri, Eastern Division.

May 9, 2003.

Kathryn E. Denner, Denner and Lynn, St. Louis, MO, for Craig Bishop, plaintiff.

James N. Foster, Jr., Partner, Corey L. Franklin, McMahon and Berger, St. Louis, MO, for Nu–Way Service Station, Inc. dba Nu–Way Service, Inc., defendant.

### *MEMORANDUM AND ORDER*

HAMILTON, District Judge.

Before this Court is Defendants' Motion to Dismiss (Doc. # 7). For the reasons stated in this Memorandum and Order, Defendants' Motion is denied.

### *BACKGROUND*

Plaintiff sued his former employer, Nu–Way Service Stations, Inc., in December 2002. Plaintiff invokes the Americans With Disabilities Act (ADA), 42 U.S.C. § 12112 et seq., and the Missouri Human Rights Act (MHRA), R.S.Mo. Ch. 213, in alleging that Defendant failed to offer reasonable accommodation for Plaintiff's disability, and that Defendant's termination of his employment constitutes discrimination. Plaintiff's Complaint seeks "actual, compensatory and punitive damages, attorneys' fees and costs of litigation, and any other relief the Court deems appropriate." Plaintiff's Complaint at 3.

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 19, on the ground that Plaintiff failed to sue his union, which Defendant contends is an indispensable party to this litigation. Defendant primarily claims that Plaintiff's allegation that Defendant should have transferred him to the day shift to accommodate his disability would violate the union seniority system. Defendant's Reply Memorandum at 1.

### DISCUSSION

The Federal Rules of Civil procedure provide that a nonparty "shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a)(1).[1] "Subsection (a)(1) requires joinder only when the absence of the unjoined party prevents complete relief among the current parties.... The focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir.1983). Rule 19(b) authorizes a district court to exercise its equitable powers to dismiss an action if a party regarded as "indispensable" cannot be joined. Fed.R.Civ.P. 19(b).

"[A] nonparty is indispensable to an action if (1) the nonparty is necessary; (2) the nonparty cannot be joined; and (3) the action cannot continue in equity and good conscience without the nonparty." *U.S. ex rel. Steele v. Turn Key Gaming, Inc.*, 135 F.3d 1249, 1251 (8th Cir.1998). Rule 19 sets forth four factors to consider in determining whether an action can continue in equity and good conscience. The court must consider: (1) to what extent a judgment rendered in a nonparty's absence might be prejudicial to the nonparty or to the parties themselves; (2) the extent to which protective provisions in the judgment, the shaping of relief, or other measures can lessen or avoid prejudice; (3) whether the judgment rendered in the nonparty's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *Id.*, citing Fed.R.Civ.P. 19(b).

"Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Here, it does not appear that Plaintiff's union is indispensable to this case.

While noting that the determination of indispensability must be made on a case-by-case basis, Defendant nevertheless contends that "it is well-established that when a plaintiff seeks reinstatement at an employer whose workers are represented by a union, the union is an indispensable party to the lawsuit." Defendant's Memorandum in Opposition at 4. The Court disagrees.

Defendant has offered no compelling precedent for this notion, and of the many distinguishable cases Defendant cites, none are binding on this Court. There is nothing to support a blanket proposition such as the one Defendant suggests here. As Plaintiff suggests in his Memorandum in Opposition, "[l]egions of cases have been filed over the years in this Court by union employees alleging violation of anti-discrimination laws" without the union being named as a party. Plaintiff's Memorandum in Opposition at 4. That legion of cases, of course, includes cases in which reinstatement was sought. Indeed, the law is clear that the indispensability of a nonparty must be determined on a case-by-case basis.

In this case, Defendant has failed to show that the union's absence from this case prevents complete relief for the parties, prejudices any of the parties, or leads to more than the speculative possibility of further litigation between one or more of the parties in this case and the absent union. Defendant's reliance on the rather open-ended provision of the collective bargaining agreement-providing that "[r]equests of employees cov-

---

**1.** Rule 19(a)(2) provides for joinder of a nonparty if, as a primary matter, "the person claims an interest relating to the subject of the action....." Plaintiff's union has not indicated any interest in this litigation, and, therefore, this provision of Rule 19 is not relevant to the matter at hand.

ered by this Agreement for change in their job assignments will be considered insofar as practical and consistent with good operation based upon qualifications and length of service"—is not persuasive. Defendant's Reply Memorandum at 2. Defendant has not persuaded the Court that Plaintiff's potential reinstatement and transfer to a day shift position to accommodate his alleged disability would affect that rather flexible provision, cause injustice to other union employees, or otherwise impact the seniority, wage, and benefit practices for the union and its employees, particularly since Plaintiff's Complaint indicates that there were employees with less seniority than Plaintiff already on the day shift. Plaintiff's Complaint at ¶ 11. The potential theoretical impact on the collective bargaining agreement and the union's potential theoretical interest in Plaintiff's reinstatement and transfer simply do not merit a finding that Plaintiff's union is an indispensable party to this lawsuit against his employer.

Moreover, Defendant has not offered any reason why this case should be dismissed even if the union were a necessary and/or indispensable party. The deadline for joinder of additional parties or amendment of pleadings has not yet passed. See Case Management Order, Doc. # 10, at ¶ 2. Of course, if the union were added as an indispensable party, the union could file a motion to dismiss on the ground that it is not, in fact, indispensable. *Hawkins v. Allis–Chalmers Corp.,* 527 F.Supp. 895 (W.D.Mo.1981). For these reasons, Defendant's Motion to Dismiss is meritless and will be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. # 7) is **DENIED**.